DAVID ESTRADA V. THE STATE.

. No. 22918. Delivered June 21, 1944.
Rehearing Denied (Without Written Opinion)
October 18, 1944.

The opinion states the case.

*Guy Bonham,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with robbery, and upon his conviction he was assessed a penalty of twenty years in the penitentiary.

There is but one complaint in the record and that relates to the overruling of his motion for a continuance which was based upon the absence of Ramona Ochoa, who was a resident of San Antonio, Texas. Her testimony, had same been procured, would

have borne upon appellant's defense of an alibi. Her affidavit, attached to the motion for a new trial, would have shown appellant in bed with a crippled foot at 10 o'clock P. M. on January 9, 1944, the date of the alleged robbery, which is alleged to have taken place about midnight of that date.

The motion for a continuance fails to show diligence upon the part of appellant in procuring the attendance of this witness. It is shown from the record that appellant was a paroled convict; that he had been paroled and arrived home on December 20, 1943; that he was arrested on January 11, 1944; that he was indicted on February 2, 1944, by the grand jury charged with the robbery by assault of Julian M. Hubbard, who was a soldier. The motion for a continuance shows that the absent witness resided at 1114 Buena Vista Street, San Antonio, Texas; that she was a friendly witness to appellant, and had advised that she would attend the trial and testify for appellant; that the appellant had caused a subpoena to issue for such witness; that same had been returned by the sheriff, he being unable to find such witness. It is observed by us that the subpoena referred to, nor a copy thereof, is not present in the record, and no date given as to when same was applied for, issued or returned. For aught we know such could have been done on the day of the trial, too late to have caused her attendance at court. It is shown by the record that this cause went to trial on February 23, 1944, or 21 days after appellant had been indicted by the grand jury. According to the motion for a continuance, the appellant may have done nothing after indictment until the day of trial, and then had subpoena issued for the absent witness, or he may have relied upon her promise to appear until her failure to appear, and then caused a subpoena to issue. It is also noted that the absent witness, in her affidavit, makes no mention of her promise to appear, and gives no information in regard to her whereabouts at the time of the trial.

In the case of Reeves v. State, 167 S. W. (2d) 176, under like circumstances, we said:

"Appellant made application for continuance based upon the absence of a witness. The application is not in the record independently but is set out in full in bill of exception number five. The only diligence to procure said witness is set out in the following language: '* * * that this defendant has used due and sufficient diligence to procure the attendance of said Nick Batellio as a witness in his behalf herein, in this that the defendant had issued a subpoena for said witness and said subpoena has been returned by the proper authority, unexecuted.

504

with the notation by the officer, in substance, that said witness is temporarily out of McLennan County, visiting with his sister.'

"In approving the bill complaining of the denial of the continuance the court. says it was refused because 'same was not good.' The court appears to have been right in such ruling. Before one is entitled to a continuance for an absent witness, proper diligence must be shown to procure his attendance. It will be observed that the application here involved does not show when the witness left McLennan County, nor when process was taken out for the witness. So far as the application shows, appellant may have waited until the witness left the county before securing process; whereas, if timely obtained the witness might have been served. Process for the witness and return thereon is not attached to the application for continuance," and see authorities there cited.

Under the above authority the trial court was correct in holding the motion for a continuance insufficient to show diligence upon appellant's part.

There being no further complaint in the record, the judgment is therefore affirmed.